UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEREMY R. MCENTIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00584-SEB-DML |
| | ) | |
| KILOLO KIJAKAZI Acting Commissioner Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING REDUCED ATTORNEY'S FEES**

Now before the court is a Motion for Attorney's Fees, sought by Plaintiff's counsel, Mr. Hankey, following his successful resolution of this social security case. Attorney's fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart,* 535 U.S. 789, 793−94 (2002). Section 406(a) controls fees for representation in administrative proceedings, and Section 406(b) covers attorney fees for representation in court. *Id.* The fees awarded under § 406 are charged against the claimant, not the government. *Id.* at 796. Under Section 406(b), an attorney who successfully represents a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 28 U.S.C. § 406(b). "In many cases, as in the instant case, the Equal Access to Justice Act (EAJA) . . . effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796. "Under EAJA, a party

prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Id.* (internal quotation marks and citation omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award." *Id.*

Here, Attorney Charles Hankey agreed to represent Plaintiff before the Social Security Administration (SSA) on a contingent fee basis. The fee agreement provided that Mr. Hankey could petition for attorney's fees up to twenty-five percent of the client's past-due benefits, if he obtained a favorable result on appeal, and could petition the court for attorney's fees under EAJA. Mr. Hankey obtained a favorable result for his client after appealing the initial unfavorable decision through the administrative process, and then to this court. In January of 2016, Mr. Hankey was awarded $5,229 in attorney's fees pursuant to the EAJA. On August 23, 2016, the SSA sent Mr. Hankey a copy of his client's past due benefits—from which the SSA withheld twenty-five percent, that is, $17,476.75—for possible payment of attorney's fees. However, as the SSA concedes, we should analyze this case as though the notice of award was not issued until February 15, 2019, due to delay in setting the amount of counsel's fee award. On February 15, 2019,

Mr. Hankey's 406(a) fee was set at $5,000, which was paid to Mr. Hankey. However, for more than **two years**, Mr. Hankey failed to petition the court under Section 406(b) for the remaining $12,476.75 attorney's fees, despite the SSA's repeated reminders and inquiries.

On April 4, 2021, the SSA sent Mr. Hankey another letter informing him that, pursuant to 20 C.F.R. § 404.1730(c), the SSA would certify payment of all the withheld benefits to his client unless Mr. Hankey filed a petition for attorney's fees or requested an extension to file within 20 days. On July 7, 2021, Mr. Hankey finally petitioned the court for the $12,476.75 in attorney's fees, pursuant to Section 406(b), without any explanation for his substantial delay.[1] In response, the Commissioner of Social Security suggested that the court reduce Mr. Hankey's attorney's fees by fifteen percent based on the delay to compensate his client for the delay in his receiving the EAJA refund and to incent the attorney in the future to make timely filings. Docket No. 29, at 5. Such an incentive seems warranted in this case in particular, given that it is one of two untimely 406(b) motions Mr. Hankey filed within the span of a week that are pending a judicial resolution.[2]

"A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). Because the Seventh Circuit has not specifically defined what a reasonable amount of time is or might be in this

---

[1] The SSA contends that Hankey filed the petition more than three months following receipt of this twenty-day notice; Mr. Hankey contends that he never received this letter. We decline to wade into this dispute, leaving it to the SSA in its discretion under 20 C.F.R. § 404.1730(c) whether it will allow payment out of withheld past-due benefits, or whether collection of that fee should be a matter resolved between Mr. Hankey and his client.

[2] *See King v. Kijakazi*, No. 1:15-cv-01408-SEB-MG, Docket No. 27 (July 14, 2021, S.D. Ind).

context, "[t]he time limitation for submitting § 406(b) motions is something of an unresolved issue." *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *1 (N.D. Ind. Jul. 11, 2011). Section 406(b) "plainly vests the court with discretion to award a reasonable fee and determine what that fee is," *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020), and some courts have exercised their discretion to reduce or deny unreasonably delayed 406(b) fee requests, *see, e.g., Moore v. Comm'r of Soc. Sec.,* No. 1:14-cv-00160-SLC, 2017 WL 3588066 (N.D. Ind. Aug. 21, 2017) (reducing a 406(b) request filed nine months after the benefits award to account for the prejudice to the client in receiving their EAJA refund); *Hilbert v. Colvin*, No. 4:13-cv-00089, 2016 WL 6071762 (S.D. Ind. Oct. 17, 2016) (denying attorney's 406(b) fee request filed one year after the benefits award).

As an exercise of discretion in this matter, we conclude that Mr. Hankey's fee request warrants a reduction of fifteen percent to reflect the financial injury he caused his client by his significantly delayed retrieval of his EAJA refund lasting more than two years. Hopefully, this reduction in the fee award will prompt Mr. Hankey in the future to a higher level of attention to his responsibilities as counsel by submitting his filings in a timely fashion.

Accordingly, the Motion for Attorney's Fees [Docket No. 25] is **GRANTED**, in the amount that incorporates the referenced fifteen percent reduction. Mr. Hankey's award of attorney's fees will thus be reduced from $12,476.75 to $10,605.24, and the difference of $1,871.51 in past-due benefits shall be paid to Mr. Hankey's client, Plaintiff herein, along with the $5,229 refund of previously withheld EAJA fees. Pursuant to 20 C.F.R. §

404.1730(c), and consistent with the Commissioner's request, the Court defers to the SSA to decide whether to allow this payment to be made from withheld past-due benefits, or whether collection of this amount is a matter better resolved between Mr. Hankey and his client.

   IT IS SO ORDERED.

Date:   7/20/2022

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian J. Alesia
SOCIAL SECURITY ADMINISTRATION
brian.alesia@ssa.gov

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov